SOCONY BURNER CORPORATION, Plaintiff, *v.* EDWARD McCLARE, Defendant.

County Court, Rensselaer County, May 15, 1929.

*Fred C. Claessens*, for the plaintiff.

*Guy F. Swinnerton*, for the defendant.

BREARTON, J.   It appears that plaintiff and defendant entered into a written agreement whereby the plaintiff was to install a certain oil burner and equipment including a tank.   After the agreement was signed but before anything was done in furtherance thereof, it is claimed by the defendant that the contract was canceled by mutual agreement and a new arrangement made orally between the parties whereby the plaintiff installed the burner and equipment and tank upon the expressed understanding that if the burner did not operate satisfactorily to the defendant, he, the defendant, would not be required to pay anything for any part of the equipment and that it would be removed upon notice from the defendant by the plaintiff at its own expense.   The original contract was negotiated by a salesman and district manager on behalf of the plaintiff corporation and by the defendant in his own behalf and signed by those persons.   The defendant and his witnesses testified (and their testimony is undisputed) that the alleged cancellation of this written contract was brought about through conversations had between the same salesman and district manager on behalf of the plaintiff corporation and by defendant in his own behalf before the equipment was installed.

The contract being executory, under a well-settled principle of law it could be canceled by mutual oral agreement between the parties.   As the material facts are undisputed, the only question at issue is whether or not the salesman and district manager had a right to bind the company in canceling the original contract and making a new oral contract.   According to all the evidence, the district manager had general authority to make terms on behalf of the corporation in his district; there is no proof that his duties were special or limited; his authority was apparently broader than that of the salesman and when he undertook to enter into a new arrangement with the customer, he was apparently acting within the scope of his authority and the customer, the defendant here, had a right to assume that he had authority to do what he undertook to do.   It is conceded that the defendant gave notice that the burner was not satisfactory and the plaintiff removed the burner and certain parts of the equipment and is seeking to recover for the price of the tank under the original written agreement, the tank not being removed.   Upon the proof, the complaint should be dismissed.

The defendant sets up a counterclaim in the sum of fifty-four dollars, being the amount paid on account. In regard to this item, it appears from the testimony that when defendant asked concerning the return of this installment paid on account, if the burner was not satisfactory, he was told by the representatives of the corporation that it would go towards paying for the oil used in the burner. The counterclaim should, therefore, be dismissed.

Judgment should be entered dismissing the complaint, with costs to the defendant.